PD-1006-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/10/2015 11:28:06 AM
Accepted 8/11/2015 4:08:44 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE

# COURT OF CRIMINAL APPEALS

### OF TEXAS
### AUSTIN, TEXAS

**EX PARTE TERRANCE HENRY**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

## *APPELLANT'S*
## *PETITION FOR DISCRETIONARY REVIEW*

**No. 05-14-00197-CR**
**COURT OF APPEALS**
**FOR THE FIFTH DISTRICT OF TEXAS**
**AT DALLAS, TEXAS**

On appeal from Cause Number F-09-0959736-W
in the 363RD Criminal District Court
of Dallas County, Texas
Honorable Tracy Holmes, Judge Presiding

JOHN TATUM
990 SOUTH SHERMAN STREET
RICHARDSON, TEXAS 75081
(972) 705-9200
BAR NO. 19672500
jtatumlaw@gmail.com
ATTORNEY FOR APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

## IDENTITIES OF PARTIES AND COUNSEL

HONORABLE TRACY HOLMES
    133 N. Riverfront Blvd
    Frank Crowely Courts Bldg.
    Dallas, Texas 75207

JUDGE PRESIDING
363rd DISTRICT COURT
OF DALLAS COUNTY, TEXAS

TERRANCE HENRY
    TDCJ# 01742586
    Clements Unit
    9601 Spur 591
    Amarillo, Texas 79107-9606

PETITIONER

HONORABLE JOHN TATUM
    990 S. Sherman St.
    Richardson, Texas 75081
    SBOT#19672500

ATTORNEY FOR PETITIONER

HONORABLE SUSAN HAWK
    133 N. Riverfront Blvd
    Frank Crowely Courts Bldg.
    Dallas, Texas 75207

DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

HONORABLE HEATH HARRIS

    133 N. Riverfront Blvd
    Frank Crowely Courts Bldg.
    Dallas, Texas 75207

ASSISTANT DISTRICT
ATTORNEY
DALLAS COUNTY, TEXAS

i

**TABLE OF CONTENTS**

PAGE

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . 1

STATEMENT OF CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF THE PROCEDURAL HISTORY.. . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . .  11

APPENDIX A       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

# INDEX OF AUTHORITIES

FEDERAL CASES:

***Graham v. Florida***
560 U.S. (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***Miller v. Alabama***
132 S.Ct. 2455 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

***U.S. v. Obrien***
391 U.S. 367, 88 S.Ct. 1073, 20 L.Ed. 2d. 672 (1968). . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Patzer***
15 F3d 944 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Staten***
466 F.3d 708 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Wade***
435 F.3d 829 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATE CASES:

***Lewis v. State***
428 S.W. 3d 860, 863 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 4

***Lopez v. State***
928 S.W.2d 528 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

***State v. Hazzard***
146 Idaho 37, 190 P3d 193 (Ct. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***State v. Jones***
192 Wis 2d 78, 532 N.W.2d 79 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

***State v. Manussier***
129 Wash 2d 652, 921 P2d 473 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***Turner v. State***
443 S.W.3d 128 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

STATUTES, RULES:
8th amendment to the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . 3,5

Sec. 12.31 P.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5

Sec. 19.01 P.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Article I § 10, of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . 6

Article One, Section Sixteen of the Texas Constitution. . . . . . . . . . . . . . . . . . . . . . 9

Article One Section Nine of the U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . 9

**TO THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS**

**TERRANCE HENRY,**                                           **Appellant**

**v.**

**THE STATE OF TEXAS**                                        **Appellee**

**\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\***

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the Appellant/Petitioner and respectfully urge the Court to grant discretionary review of the above named cause.

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant/Petitioner does not request oral argument at this time; however, if discretionary review is granted Appellant/Petitioner requests oral argument on any issue granted review.

## **STATEMENT OF CASE**

On March 1, 2011, a trial was held in Cause No. F09-59736-W before the Honorable Tracy F. Holmes, Judge presiding of the 363rd Judicial District Court of Dallas County, Texas, and a jury. The Defendant, Terrance Henry, entered a plea of not guilty to the offense of capital murder as charged in the

1

indictment. (RR: Vol.4 p. 5) The jury found the Defendant, who was seventeen years old at the time of offense, guilty of capital murder. (RR: Vol. 7 p. 102) The jury sentenced the Defendant to confinement for life in the Institutional Division of Texas Department of Criminal Justice without parole as required by law. (RR: Vol. 7 p. 104) While Henry's appeal was pending the United States Supreme Court held that the Eighth Amendment to the United States Constitution forbids a sentencing scheme for juvenile offenders in which life without parole is mandatory rather than based on an individualized sentencing assessment. Henry's first appeal, 05-11-00676-CR was reversed and remanded for a new punishment hearing. On remand, the trial court assessed Henry's punishment at imprisonment for life, with the possibility of parole. The second appeal, 05-14-00197-CR, was affirmed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals affirmed the appeal in an opinion delivered on July 10, 2014 a copy of which is attached hereto as Addendum A. Appellant/Petitioner now files his Petition for Discretionary Review.

## SUMMARY OF THE STATEMENT OF FACTS

Appellant/Petitioner was accused of the murder of two men, Brandon Gilstrap and Byron Carter, during the commission of a robbery.

2

## GROUNDS FOR REVIEW RESTATED

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

## REASONS FOR REVIEW (ARGUMENT)

Petitioner submits that the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision. This Court should review these issues because the Court of Appeals has issued an opinion concerning the constitutionality of the retroactive application of the law providing for a life sentence with the possibility of parole to a 17 year old convicted of capital murder while his case was pending appeal in response to the case of *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

3

Appellant moves this Court to reexamine its holdings in these two cases (*Turner v. State,* supra and *Lewis v. State*, supra) as they apply to the case at bar in light of the additional issues raised in this case concerning Henry's challenges;(1) that the law used to assess his new punishment was applied ex post fact; (2) that the new law relating to the assessment of his new punishment violates his right to due process in its retroactive effect; and (3) that law relating to the assessment of his new punishment constitutes a 'Bill of Attainder.'

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

ARGUMENT

The Court of Appeals held that this Honorable Court has determined that Henry was not entitled to an individualized sentencing hearing pursuant to the 'Turner' case. Appellant argues excerpts from the *Miller* decision in support of his position that youthful offenders like himself should not be subject to mandatory sentencing legislation of any nature. This is presented in an attempt to persuade reconsideration of this Court's holding in 'Turner' that the *Miller* case does not prevent mandatory life sentences <u>with</u> parole for 17 year old offenders

4

who are convicted of Capital Murder in Texas and to preserve the issue for possible further review in Federal Court if required in the case at bar.

Appellant argues from *Miller* that children are constitutionally different from adults for purposes of sentencing, because juveniles have diminished capacity and greater prospects for reform. It was stated that a child's moral culpability is lessened and enhanced that as the years go by and neurological development occurs the deficiencies will be reformed. An offender's age as made clear in *Graham v. Florida*, 560 U.S. (2010) is relevant to the Eighth Amendment and so "criminal procedure laws that fail to take defendant's youthfulness into account at all would be flawed."

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

ARGUMENT

There was a defined crime of capital murder without a defined punishment applicable to Appellant due to his age of 17 years at the time of the offense. The newly amended statute Sec.12.31(a) thereby severely increased the punishment to life. Appellant further submits that he should have been prosecuted pursuant to the statutorily defined offense of murder pursuant to sec. 19.01 P.C. that carried a constitutional punishment range of 5-99 years or life confinement

5

and up to a $10,000 fine for a first degree felony offense. This would give the sentencer, judge or jury the necessary discretion to consider all the considerations discussed in '*Miller*' as factors in assessing punishment for 'children' offenders. Additionally, Appellant elected that he be sentenced by a jury and not the Court in such a situation. Appellant argues that he was wrongly and without due process prosecuted for an offense (Capital Murder) that had no constitutional punishment rather than the constitutional offense of murder.

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

ARGUMENT

Although the state and federal ex post facto clauses are limitations on legislative action, the judicial branch is limited by the same principle pursuant to the state and federal due process clauses; an ex post facto doctrine prohibiting the retroactive application of laws does apply to the judicial construction of laws including both unforeseen constructions as well as clarifications of existing laws. *Lopez v. State*, 928 S.W.2d 528 (Tex. Crim. App. 1996); *State v. Jones*. 192 Wis 2d 78, 532 N.W.2d 79 (1995). This was made clear by the United States Supreme Court, which held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Article I § 10, of the United States Constitution forbids, and that since a state legislature is

6

barred by the Ex Post Facto Clause from passing such a law, it must follow that a state appellate court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. *U.S. v. Staten*, 466 F.3d 708 (9ᵗʰ Cir. 2006). Due process concerns do require that the application of judicial decisions to a pending defendant's case complies with the concepts of notice, foreseeability, and in particular the right to fair warning, *U.S. v. Wade*, 435 F.3d 829 (8ᵗʰ Cir. 2006).

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

ARGUMENT

Two elements of what constitutes a bill of attainder prohibited by the state and federal constitutions are the presence of punishment which as a particular law, provision or action challenged on a bill of attainder grounds is inflicted by an authority other than a judicial authority and the lack of a judicial trial. *State v. Manussier*, 129 Wash 2d 652, 921 P2d 473 (1996), *U.S. v. Patzer*, 15 F3d 944 (10ᵗʰ Cir. 1993) *State v. Hazzard*, 146 Idaho 37, 190 P3d 193 (Ct. App. 2008) *U.S. v. Obrien*, 391 U.S. 367, 88 S.Ct. 1073, 20 L.Ed. 2d. 672 (1968).

A bill of attainder is a legislative act that applies either to named individuals or to easily identifiable member of a group in such a way as to inflict

7

punishment on them without a judicial trial as in the case at bar in that Appellant is a member of an identifiable class of persons under 18 years of age that have been tried and convicted of the adult offense of capital murder in which the mandatory and automatic punishment of life without parole is unconstitutional. The remedy of life with parole as a mandatory and automatic punishment to be applied to Appellant retrospectively is by legislature enactment and not by judicial trial by the sentencer elected by Appellant, the jury. The resulting application of a mandatory sentence of life assessed in this case; is therefore an unconstitutional bill of attainder.

## CONCLUSION

In conclusion, Appellant argues that in Henry's case once the statutory mandatory life without parole sentence was held unconstitutional, there was no statutory sentencing scheme in effect at the time. As a remedy the legislature passed a sentencing scheme of life with parole with a savings clause making the punishment apply retroactively was an ex post facto application of a new punishment. Appellant also argues that this attempted remedy for an unconstitutional sentencing scheme as applied to Henry violated his right to due process and or was effectively a 'Bill of Attainder' as applied to Henry. An unforeseeable judicial enlargement criminal statute, applied retroactively operates

8

like an ex post facto law. Appellant argues that the application of the retroactive application of the new sentencing scheme is a violation of due process pursuant to Article One, Section Sixteen of the Texas Constitution and Article One Section Nine of the U.S. Constitution by the retroactive application of the new law in the Court of Appeals and now in this petition to be granted for further briefing on the issue.

## PRAYER

For the reasons stated, it is respectfully submitted that the Court of Criminal Appeals should grant this Petition for Discretionary Review and then reverse the judgment, and remand for a new trial.

Respectfully submitted by,


/s/ John Tatum
John Tatum

## CERTIFICATE OF SERVICE

I, JOHN TATUM, do hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review for Petitioner was delivered to Susan Hawk, Criminal District Attorney, Appellate Section, 11th floor, Frank Crowley Criminal Courts Building, Dallas, Texas 75207, on this 24th day of July, 2014.


/s/ John Tatum
JOHN TATUM

9

## CERTIFICATE OF COMPLIANCE OF WORD COUNT PURSUANT TO APPELLATE RULE OF PROCEDURE 9.4

I certify that this document has 1,802 words pursuant to the definitions of length and content in Rule 9.4. (C)(i)(2)(D)

A. Case Name: Terrance Henry
B. The Court of Criminal Appeals
C. The Type of Document: Petition for Discretionary Review
D. Party for whom the document is being submitted: Appellant
E. The Word Processing Software and Version Used to Prepare the Brief: Word Perfect X7
Copies have been sent to all parties associated with this case.

 /s/ John Tatum
(Signature of filing party and date)

## CERTIFICATE OF COMPLIANCE

I certify that this submitted e-mail attachment to file Petition for Discretionary Review complies with the following requirements of the Court:

1. The petition is submitted by e-mail attachment;

2. The e-mail attachment is labeled with the following information:

A. Case Name: Terrance Henry
B. The Appellate Case Number: NO. 05-14-00197-CR
C. The Type of Document: Petition for Discretionary Review
D. Party for whom the document is being submitted: Appellant
E. The Word Processing Software and Version Used to Prepare the Motion : Word Perfect X7

3. Copies have been sent to all parties associated with this case.

    /s/ John Tatum
(Signature of filing party)

John Tatum
(Printed name)

John Tatum, Attorney at Law

Emailed Copy of Petition

11

# APPENDIX A

**Affirmed as Modified and Opinion Filed July 10, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00197-CR

**TERRANCE HENRY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0959736-W**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill[1]
Opinion by Justice Lang

Terrance Henry appeals the trial court's judgment convicting him of capital murder. On remand from this court, the trial court assessed his punishment at imprisonment for life. Henry raises four issues on appeal, arguing his punishment on remand is unconstitutional because the law relating to the assessment of his new punishment: (1) violates the Eighth Amendment to the United States Constitution; (2) was applied ex post facto; (3) violates his right to due process; and (4) constitutes a bill of attainder.

We conclude Henry's punishment on remand is not unconstitutional. Also, we conclude the judgment incorrectly states that Henry pleaded guilty and modify the judgment accordingly. The trial court's judgment is affirmed as modified.

---

[1] The Honorable Justice Bill Whitehill succeeded the Honorable Kerry FitzGerald, retired, a member of the original panel. Justice Whitehill has reviewed the briefs and record before the Court.

# I. PROCEDURAL BACKGROUND

A description of the factual background of this case may be found in *Henry v. State*, No. 05-11-00676-CR, 2012 WL 3631251 (Tex. App.—Dallas Aug. 24, 2012, no pet.)(mem. op., not designated for publication). The jury found Henry, a seventeen year old at the time of the offense, guilty of capital murder and assessed his punishment at life imprisonment without parole. While Henry's appeal was pending, the United States Supreme Court held that the Eighth Amendment to the United States Constitution forbids a sentencing scheme for juvenile offenders in which life without parole is mandatory rather than based on an individualized sentencing assessment. *Miller v. Alabama*, 132 S. Ct. 2455 (2012); *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014)(per curiam); *Lewis v. State*, 428 S.W.3d 860, 863 (Tex. Crim. App. 2014). Henry appealed. In his first appeal, this Court reversed the trial court's judgment as to punishment and remanded the case for a new punishment hearing. *Henry*, 2012 WL 3631251; *cf. Turner*, 443 S.W.3d at 129 (concluding court of appeals erred in remanding case to trial court for new hearing as appellant was only entitled to have his sentence reformed from life without parole to life with possibility of parole). On remand, the trial court assessed Henry's punishment at imprisonment for life, with the possibility of parole. This second appeal followed.

# II. STANDARD OF REVIEW

The constitutionality of a criminal statute is a question of law that an appellate court reviews de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). In assessing a statute's constitutionality, an appellate court starts with the presumption that the statute is valid and the legislature did not act arbitrarily or unreasonably in enacting the statute. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). As the party challenging the statute, the appellant has the burden of establishing its unconstitutionality. *Rodriguez*, 93 S.W.3d at 69. An

appellate court must uphold the statute if it can determine a reasonable construction that renders it constitutional. *See Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

### III. EIGHTH AMENDMENT

In issue one, Henry argues his punishment on remand is unconstitutional because the law applied when assessing his new punishment violates the Eighth Amendment to the United States Constitution. Henry argues the United States Supreme Court's rationale in *Miller* and use of language from its prior opinions in *Graham* and *Roper* requires that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles. *See Miller*, 231 S. Ct. 2455 (Eighth Amendment forbids mandatory sentence of life without parole for juveniles); *Graham v. Florida*, 560 U.S. 48 (2010)(Eighth Amendment forbids sentence of life without parole for juvenile offender who did not commit homicide); *Roper v. Simmons*, 543 U.S. 551 (2005)(death penalty cruel and unusual when imposed on juvenile offender). The State responds that "no Texas court has ever questioned the idea that a life sentence is appropriate for conduct such as Henry's, and thus permissible to be made mandatory or automatic." Further, the State maintains that *Miller* does not forbid mandatory sentencing schemes and once the trial court eliminated the "without parole" provision, Henry's sentence satisfied the narrow holding in *Miller*.

### A. Applicable Law

The Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits cruel and unusual punishment and requires a criminal sentence to be proportionate to the crime committed. *See* U.S. CONST. amend. VIII; *Lackey v. State*, 881 S.W.2d 418, 420 (Tex. App.—Dallas 1994, pet. ref'd). Even when a sentence is within the range permitted by law, a sentence may, in rare instances, be disproportionate to the gravity of the offense. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006)

("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."). "The Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S. Ct. at 2469; *Lewis*, 428 S.W.3d at 863. However, juvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment. *Turner*, 443 S.W.3d at 129; *Lewis*, 428 S.W.3d at 863. Texas courts have consistently held tht the mandatory life sentence required under section 12.31 of the Texas Penal Code is not unconstitutional as cruel and unusual punishment under the Eighth Amendment. *E.g.*, *Murkle v. State*, 437 S.W.3d 17, 30 (Tex. App.—Fort Worth 2014, pet. dism'd, untimely filed).

### B. Application of the Law to the Facts

Henry argues the Eighth Amendment requires that he receive an individualized sentencing hearing. However, the Texas Court of Criminal Appeals has already determined that juvenile offenders are not entitled to an individualized sentencing hearing.[2] *Turner*, 443 S.W.3d at 129; *Lewis*, 428 S.W.3d at 864–65. As a result, Henry was entitled to have his sentence reformed from life without parole to life with the possibility of parole. *See Turner*, 443 S.W.3d at 129; *Lewis*, 428 S.W.3d at 864–65. This is the new punishment Henry received when he was resentenced. Accordingly, we conclude Henry's punishment on remand did not violate the Eighth Amendment.

Issue one is decided against Henry.

---

[2] In his brief on appeal, Henry acknowledged the decision of the Texas Court of Criminal Appeals in *Lewis* and stated he "submits the following issue[] on appeal . . . [to] preserve any future Federal Constitutional violation claim."

## IV.  EX POST FACTO

In issue two, Henry argues his punishment on remand is unconstitutional because the law used to assess his new punishment was applied ex post facto.  Henry argues the holding in *Miller* made the punishment originally authorized by the Texas Legislature void *ab initio*.  As a result, he claims that, for the offense he was convicted, there was no punishment applicable to him.  Consequently, Henry contends that the 2013 amendment to section 12.31 of the Texas Penal Code "severely increased his punishment."  The State responds that "[t]his argument is pure sophistry."  The State argues the 2013 amendment to section 12.31 "did not change the punishment for capital murder: it was imprisonment for life when Henry committed the offense and it was imprisonment for life when he was resentenced in August [] 2013."

### A.  Applicable Law

Article I, section 9 of the United States Constitution states, "No . . . ex post facto Law shall be passed," and article I, section 10 prohibits the states from passing any ex post facto law.  U.S. CONST. art. I, §§ 9, 10.  Similarly, article I, section 16 of the Texas Constitution states that "[n]o . . . ex post facto law . . . shall be made."  TEX. CONST. art. 1, § 16.  Only the legislature can violate either the federal or state Ex Post Facto Clause.  *Ex parte Heilman*, 456 S.W.3d 159, 163 (Tex. Crim. App. 2015).

Under the Texas or United States Constitution, an ex post facto law: (1) punishes as a crime an act previously committed which was innocent when done; (2) aggravates a crime, or makes it greater than it was, when committed; (3) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when committed; or (4) deprives a person charged with a crime of any defense available at the time the act was committed.  *See Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013)(citing *Calder v. Bull*, 3 U.S. (Dall.) 386, 390 (1798)); *Collins v. Youngblood*, 497 U.S. 37, 42 (1990); *Rodriguez v. State*, 93 S.W.3d 60,

66–67 (Tex. Crim. App. 2002); *Ex parte Davis*, 947 S.W.2d 216, 219–20 (Tex. Crim. App. 1996); *Johnson v. State*, 930 S.W.2d 589, 591 (Tex. Crim. App. 1996). The Ex Post Facto Clause prohibits applying a new statute's higher penalties to pre-statute conduct, but it does not prohibit applying lower penalties. *See Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012).

The Texas Court of Criminal Appeals has recognized that an unconstitutional statute is void *ab initio* and when a statute is adjudged to be unconstitutional, it is as if it had never been, i.e., such an unconstitutional statute is stillborn. *See Smith v. State*, No. PD-1790-13, 2015 WL 3895016, at *4 (Tex. Crim. App. June 24, 2015)(quoting *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988) and *Ex parte Bockhorn*, 138 S.W. 706, 707 (Tex. Crim. App. 1911)). When a law under which a defendant is found guilty is declared unconstitutional, the law stands as if the new law had never been enacted. *See Ex parte Jones*, 440 S.W.3d 628, 629 (Tex. Crim. App. 2014)(if appellant incorrect in constitutional challenge, then amendment valid and his offense is punishable as third-degree felony, but if he is correct, then his offense is punishable under prior law as state-jail felony); *Hurwitz v. State*, 700 S.W.2d 919, 923–24 (Tex. Crim. App. 1985)(Teague, J., concurring). However, "[b]ecause the holding in *Miller* is limited to a prohibition on mandatory life without parole for juvenile offenders, [defendants] are not entitled to [new] punishment hearings." *See Lewis*, 428 S.W.3d at 864 (addressing Eighth Amendment challenge).

### B. *Application of the Law to the Facts*

Before 2005, section 12.31 of the Texas Penal Code provided that "An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life" and "In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that a sentence of life imprisonment is mandatory

on conviction of the capital felony." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 101.1, 1993 Tex. Gen. Laws 3586, 3602–03 (amended 2005, 2009, and 2013). Accordingly, until 2005, an individual adjudged guilty of a capital felony, in which the State did not seek the death penalty, was punished with imprisonment for life.[3] *Ex parte Maxwell*, 424 S.W.3d 66, 68 n.3 (Tex. Crim. App. 2014).

In 2005, the Texas Legislature amended section 12.31 to state that "An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life without parole" and "In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that a sentence of life imprisonment without parole is mandatory on conviction of the capital felony." Act of May 28, 2005, 79th Leg., ch. 787, § 1, 2005 Tex. Gen. Laws 2705 (amended 2009 and 2013). Also, in 2005, the United States Supreme Court held that the Eighth Amendment bars the execution of juveniles, even when they commit murder. *Roper*, 543 U.S. 551. In 2009, section 12.31 was amended to distinguish cases that had been transferred pursuant to section 54.02 of the Texas Family Code. *See Ex parte Maxwell*, 424 S.W.3d at 68 n.3. Specifically, the statute as amended in 2009 stated:

### § 12.31. Capital Felony

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. An individual adjudged guilty of a capital felony in a case in which the state does not seek the

---

[3] Section 12.31 of the Texas Penal Code has imposed life imprisonment since it was first enacted in 1973. Beginning in 1973, section 12.31 of the Texas Penal Code provided that "an individual adjudged guilty of a capital felony shall be punished by confinement . . . for life or by death" and "prospective jurors shall be informed that a sentence of life imprisonment or death [was] mandatory on conviction of a capital felony." Act of May 28, 1973, 63rd Leg., R.S., ch. 426, art. 2, § 2, 1973 Tex. Gen. Laws 1122, 1124 (amended 1991, 1993, 2005, 2009, and 2013). In 1991, the Texas Legislature amended section 12.31, in part, to state, "An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by confinement in the institutional division for life" and "In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that a sentence of life imprisonment is mandatory on conviction of the capital felony." Act of May 27, 1991, 72nd Leg., R.S., ch. 652, § 12 , 1991 Tex. Gen. Laws 2394, 2397 (amended 1993, 2005, 2009, and 2013).

death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:

> (1) life, if the individual's case was transferred to the court under Section 54.02, Family Code; or
>
> (2) life without parole.

> (b) In a capital felony trial in which the state seeks the death penalty, prospective jurors shall be informed that a sentence of life imprisonment without parole or death is mandatory on conviction of a capital felony.  In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that:

> > (a) a sentence of life imprisonment is mandatory on conviction of the capital felony, if the case was transferred to the court under Section 54.02, Family Code; or
> >
> > (b) a sentence of life imprisonment without parole is mandatory on conviction of the capital felony.

Act of May 29, 2009, 81st Leg., ch. 765, § 1, 2009 Tex. Gen. Laws 1930 (amended 2013); *Ex parte Maxwell*, 424 S.W.3d at 68 n.3.  This was the law in effect at the time of Henry's conviction and original sentencing.

In 2012, the United States Supreme Court held that the Eighth Amendment to the United States Constitution forbids a sentencing scheme for juvenile offenders in which life without the possibility of parole is mandatory, rather than based on an individualized sentencing assessment. *Miller*, 132 S. Ct. 2455; *Turner*, 443 S.W.3d at 128; *Lewis*, 428 S.W.3d at 861.  However, contrary to Henry's contention that *Miller* declared the punishment authorized by the Texas Legislature at the time of his original sentence void *ab initio*, the United States Supreme Court did not announce a categorical ban on assessing life without parole on minors.  *See Lewis*, 428 S.W.3d at 863; *Carmon v. State*, 456 S.W.3d 594, 599 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

"In response to the [United States] Supreme Court's opinion in *Miller*, the Texas Legislature amended the capital sentencing statute to provide that life imprisonment, with the

possibility of parole, is the mandatory sentence for defendants convicted of a capital offense which was committed when the defendant was younger than eighteen." *Turner*, 443 S.W.3d at 129 n.2. Specifically, section 12.31 of the Texas Penal Code was amended to state:

**§ 12.31.        Capital Felony**

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:

(1) life, if the individual committed the offense when younger than 18 years of age; or

(2) life without parole, if the individual committed the offense when 18 years of age or older.

(b) In a capital felony trial in which the state seeks the death penalty, prospective jurors shall be informed that a sentence of life imprisonment without parole or death is mandatory on conviction of a capital felony. In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that:

(a) a sentence of life imprisonment is mandatory on conviction of the capital felony, if the individual committed the offense when younger than 18 years of age; or

(b) a sentence of life imprisonment without parole is mandatory on conviction of the capital felony, if the individual committed the offense when 18 years of age or older.

Act of July 11, 2013, 83rd Leg., 2d S.C., ch. 2, § 1, 2013 Tex. Gen. Laws 4802 (codified at TEX. PENAL CODE ANN. § 12.31 (West Supp. 214)). This amendment became effective on July 22, 2013.

On August 15, 2013, the trial court assessed Henry's new punishment at life imprisonment, with the possibility of parole, in accordance with the 2013 amendments to section

12.31.[4]  *See* TEX. PENAL CODE ANN. § 12.31.  The 2013 Session Laws, amending section 12.31, included a savings clause that states:

> Section 3.     The change in law made by this Act:
>
> (1)     applies to a criminal action pending, on appeal, or commenced on or after the effective date [July 22, 2013] of this Act, regardless of whether the criminal action is based on an offense committed before, on, or after that date; and
>
> (2)     does not affect a final conviction that exists on the effective date of this Act.

Act of July 11, 2013, 83rd Leg., 2d S.C., ch. 2, § 3, 2013 Tex. Gen. Laws at 4803; *see also Turner*, 443 S.W.3d at 129 n.2.

The change in Henry's punishment did not inflict greater punishment than the law attached to the criminal offense when Henry committed it.  *Compare* Act of May 29, 2009, 81st Leg., ch. 765, § 1, 2009 Tex. Gen. Laws at 1930 (requiring mandatory sentence of life without parole) *with* Act of July 11, 2013, 83rd Leg., 2d S.C., ch. 2, § 1, 2013 Tex. Gen. Laws at 4802 (requiring mandatory sentence of life).  Initially, Henry was sentenced to mandatory life without the possibility of parole.  This is the second most severe penalty permitted in Texas.  *Meadoux v. State*, 325 S.W.3d 189, 195 (Tex. Crim. App. 2010).  On remand, Henry was sentenced to life with the possibility of parole, a less severe punishment.  *See Carmon*, 456 S.W.3d at 599.  The prohibition against the application of more severe punishment laws ex post facto does not prohibit the application of new lower penalties after the effective date of the new legislation.  *See Dorsey*, 132 S. Ct. at 2332.  Further, regardless of whether the law in effect before the 2005 amendment to section 12.31 of the Texas Penal Code or the 2013 amendment was applied,

---

[4]  During the resentencing hearing, the trial court stated:

> Mr. Henry was found guilty of capital murder by a jury on the 7th day of March, 2011.  The [trial court] assessed punishment: The statutory punishment of life confinement in the Texas Department of Criminal Justice without parole.
>
> Since that time, the Legislature has amended the statute.  This sentence is no longer legal and [Henry] will be resentenced to life in the penitentiary with the possibility of parole.

Henry's punishment on remand would have been the same, i.e., life, with the possibility of parole. *Compare* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 101.1, 1993 Tex. Gen. Laws at 3602–03 (requiring mandatory sentence of life) *with* Act of July 11, 2013, 83rd Leg., 2d S.C., ch. 2, § 1, 2013 Tex. Gen. Laws at 4802 (requiring mandatory sentence of life).

Accordingly, we conclude the trial court's application of the 2013 amendment to section 12.31 when resentencing Henry was not an unconstitutional ex post facto application of the amended law because the punishment provided for in the 2013 amendment was less severe. In addition, we conclude Henry has not suffered harm because the mandatory punishment under the law in effect before the 2005 amendment to section 12.31 was the same as the new punishment assessed pursuant to the 2013 amendment.

Issue two is decided against Henry.

## V. DUE PROCESS

In issue three, Henry argues his punishment on remand is unconstitutional because the law relating to the assessment of his new punishment violates his right to due process. The State responds that the amended statute can be given retroactive effect.

### A. Applicable Law

The Texas Court of Criminals Appeals defined retroactive laws:

> A retroactive law is one meant to act on things that are past. As such, a statute is retroactive which takes away or impairs vested rights acquired under existing laws or creates new obligations, imposes new duties, or adopts a new disability in respect to transactions or considerations already past, and which affects acts or rights accruing before it came into force.

*Ex Parte Abahosh*, 561 S.W.2d 202, 203–04 (Tex. Crim. App. 1978). In other words, a law is retroactive if it changes the legal consequences of acts before its effective date. *In re Ramirez*, 184 S.W.3d 392, 395 (Tex. App.—Dallas 2006, orig. proceeding).

–11–

The Fourteenth Amendment provides in part: "[the] State [shall not] deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Due Process Clause also protects the interests in fair notice and repose that may be compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause "may not suffice" to warrant its retroactive application. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994); *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 17 (1976). The Texas Constitutional due-process provision provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. In addition, article 1, section 16 of the Texas Constitution provides, "No . . . retroactive law . . . shall be made." TEX. CONST. art. 1, § 16.

A judicial decision having an unjust retroactive application is barred by the due process provisions of the Fourteenth Amendment to the United States Constitution. *Ex Parte Bonham*, 707 S.W.2d 107, 108 n.1 (Tex. Crim. App. 1986). "Although this limitation is often regarded as the judicial cognate of the ex post facto prohibition, the [United States] Supreme Court has made clear that the two are not co-extensive." *Ex Parte Heilman*, 456 S.W.3d at 166 (citing *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001)). Courts can violate the due process provisions through an unforeseeable judicial enlargement of a criminal statute applied retroactively. *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964); *Ex Parte Heilman*, 456 S.W.3d at 166. "If a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, it must not be given retroactive effect." *Bouie*, 378 U.S. at 354.

"A state judicial decision may not operate retroactively if it has the effect of depriving persons of fair warning of what conduct will give rise to which criminal penalties." *Proctor v.*

–12–

*State*, 967 S.W.2d 840, 845 (Tex. Crim. App. 1998) *distinguished on other grounds by Grado v. State*, 445 S.W.3d 736 (Tex. Crim. App. 2014). But a decision may apply retroactively if it does not alter an offense's definition, range of punishment, or substantive defenses. *Proctor*, 967 S.W.2d at 845.

### B. Application of the Law to the Facts

As previously noted, the 2013 Session Laws, amending section 12.31, included a savings clause that states it "applies to a criminal action pending, on appeal, or commenced on or after the effective date [July 22, 2013] of this Act, regardless of whether the criminal action is based on an offense committed before, on, or after that date." Act of July 11, 2013, 83rd Leg., 2d S.C., ch. 2, § 3, 2013 Tex. Gen. Laws at 4803; *see also Turner*, 443 S.W.3d at 129 n.2. However, there is nothing to suggest the 2013 amendment to section 12.31 or the trial court's application of the amended law was "unexpected and indefensible" such that it offended the due process principle of fair warning. The trial court's application of the 2013 amendment did not retroactively alter the definition of capital murder, the range of punishment for a capital felony, or the substantive defenses that were available. The punishment before and after the 2013 amendment was life imprisonment. Accordingly, we conclude Henry's punishment on remand does not violate his right to due process.

Issue three is decided against Henry.

### VI. BILL OF ATTAINDER

In issue four, Henry argues his punishment on remand is unconstitutional because the law relating to the assessment of his new punishment constitutes a Bill of Attainder. Henry claims the remedy of life with the possibility of parole as a mandatory and automatic punishment was applied to him by legislative enactment, not by judicial trial by jury as he elected. Henry argues he is a member of an identifiable class of persons under eighteen years of age that have been

tried and convicted of the adult offense of capital murder. The State responds that although "the legislature retroactively changed the parole law applicable to Henry . . . [his punishment is] a result of a judicial proceeding that fairly determined his guilt and punishment, and not by use of legislative power to pass upon his guilt in the absence of any of the protective safeguards of a trial."

### A. Applicable Law

Article I, section 9 of the United States Constitution states, "No Bill of Attainder . . . shall be passed," and article I, section 10 prohibits the states from passing any Bill of Attainder. U.S. CONST. art. I, §§ 9, 10. Similarly, article I, section 16 of the Texas Constitution states that "[n]o bill of attainder . . . shall be made." TEX. CONST. art. 1, § 16. The prohibitions on ex post facto laws and bills of attainder are obviously closely related. *See, e.g.*, *California Dept. of Corrections v. Morales*, 514 U.S. 499, 520 n.4 (1995)(Stevens, J., dissenting, joined by Souter, J.); *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 138–139 (1810).

The prohibition on "Bills of Attainder" in Art. 1 §§ 9–10, prohibits legislatures from singling out disfavored persons and meting out summary punishment for past conduct. *Landgraf*, 511 U.S. at 266; *United States v. Brown*, 381 U.S. 437, 456–62 (1965); *Landgraf Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 137 (Tex. 2010). To constitute a bill of attainder, the statute must: (1) specify affected persons; (2) impose punishment; and (3) fail to provide for a judicial trial. *See Selective Servc. Sys. v. Minnesota Public Interest Research Grp.*, 468 U.S. 841, 847 (1984).

A bill of attainder is a legislative act which imposes punishment on a designated person or class of persons without the benefit of a trial. *See, e.g.*, *Selective Servc. Sys.*, 468 U.S. at 847; *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 468 (1977); *United States v. Lovett*, 328 U.S. 303, 315–316 (1946); *see also Jones v. State*, No. 03-97-00592-CR, 1999 WL 236067, at *3 (Tex.

App.—Austin Apr. 15, 1999, pet. ref'd)(not designated for publication); *Golden v. State*, No. 11-97-00109-CR, 1998 WL 34194008, at *3 (Tex. App.—Eastland Sept. 17, 1998, no pet.)(no designated for publication). Historically, bills of attainder generally named the persons to be punished. *Selective Serv.*, 468 U.S. at 847. However, the singling out of an individual for legislatively prescribed punishment constitutes an attainder whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons. *Selective Serv.*, 468 U.S. at 847; *Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 86 (1961).

Even if the specificity element is satisfied, a statue does not implicate the Bill of Attainder Clause unless it inflicts punishment on the specified individual or group. *Selective Serv.*, 468 U.S. at 851. The severity of a sanction does not determine its character as punishment. *Selective Serv.*, 468 U.S. at 851; *Flemming v. Nestor*, 363 U.S. 603, 616 (1960). In deciding whether a statute inflicts forbidden punishment, there are three inquiries: (1) whether the challenged statute falls within the historical meaning of punishment; (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a legislative intent to punish. *Selective Serv.*, 468 U.S. at 852.

The Bill of Attainder Clause was not intended to be a narrow, technical prohibition, but an implementation of the separation of powers. *United States v. Brown*, 381 U.S. 437, 442 (1965); *Robinson*, 335 S.W.3d at 137. It is a general safeguard against legislative exercise of the judicial function—trial by legislature. *Brown*, 381 U.S. at 442; *Robinson*, 335 S.W.3d at 137.

### B. Application of the Law to the Facts

Initially, we note that we need not inquire as to whether the 2013 amendment to section 12.31 contains the necessary element of punishment. It was clearly penal in nature as it was

designed to impose criminal punishment for capital felonies. *See U.S. v. O'Brien*, 391 U.S. 367, 383 n.30 (1968). Accordingly, we turn to whether the 2013 amendment to section 12.31 specifies affected persons and fails to provide for a judicial trial.

Section 12.31 of the Texas Penal Code does not apply until a defendant commits a capital felony. As a result, it does not target named individuals or easily ascertainable members of a group. Further, before section 12.31 affects a person, that person must be found guilty of a capital felony through the judicial process. Henry's guilt was not pronounced by 2013 amendment to section 12.31, but was determined by a jury. Also, Henry was resentenced by a member of the judiciary, not the legislature. Further, Henry was represented by counsel during his trial and, in this case, on resentencing. As a result, he was provided a full and fair opportunity to be heard. *See United States v. Siepker*, No. C01-3057-MWB, 2008 WL 5273088, at *17 (N.D. Iowa Dec. 18, 2008)(mem. op.)(statute providing for increased sentence if defendant convicted of offense while released was not a Bill of Attainder because before statute affected defendant, he must be found guilty of one of listed crimes and his guilty was determined by jury); *United States v. Davis*, 27 Fed. Appx. 592, 600 (6th Cir. 2001)(statute seeking to impose punishment on individuals adjudicated as dangerous and possessing a firearm was not prohibited Bill of Attainder because defendant's actions were found by jury); *United States v. Chandler*, 950 F.Supp. 1545, 1581 (N.D. Ala. 1996)(defendant who filed habeas petition was tried, convicted, and sentenced to death by jury, so Department of Justice's lethal injection regulations did not subject defendant to trial by legislature according to Constitutional prohibition of Bills of Attainder), *aff'd on other grounds,* 218 F.3d 1305 (11th Cir. 2000). Accordingly, we conclude Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 did not constitute an unconstitutional Bill of Attainder.

Issue four is decided against Henry.

## VII. MODIFICATION OF THE JUDGMENT

Although neither party raises the issue, we observe the judgment states that Henry's "Plea to the Offense" was "Guilty" and that the "Terms of the Plea Bargain" were "Open." However, Henry pleaded "not guilty" and the jury found him "guilty."

An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993)(en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we conclude the trial court's judgment should be modified to reflect the correct statute for the offense, which is section 22.04 of the Texas Penal Code. Issue one of the State's cross-appeal is decided in favor of the State.

Accordingly, we conclude the trial court's judgment should be modified to state that Henry's "Plea to the Offense" was "Not Guilty" and the "Terms of Plea Bargain" are "N/A."

## VIII. CONCLUSION

Henry's punishment on remand is not unconstitutional. Also, the judgment incorrectly states that Henry pleaded guilty and the judgment is modified accordingly.

The trial court's judgment is affirmed as modified.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140197F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE HENRY, Appellant

No. 05-14-00197-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0959736-W.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgement that states the "Plea to the Offense" was "Guilty" is modified to state "Not Guilty." Also, the portion of the judgement that states the "Terms of the Plea Bargain" were "Open" is modified to state "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 10th day of July, 2015.

–18–