

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0833-13 and PD-0999-13

**DERRICK LYNN LEWIS, Appellant**
**and**
**ERRON KEITH NOLLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH AND FOURTEENTH COURTS OF APPEALS
## BELL AND HARRIS COUNTIES

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., concurred.

## O P I N I O N

These consolidated cases ask us to interpret the United States Supreme Court's recent

decision in *Miller v. Alabama*,[1] which held that the Eighth Amendment to the United States

Constitution forbids sentencing schemes for juveniles in which life imprisonment without the

possibility of parole is mandatory rather than based upon an individualized sentencing assessment.

---

[1] 567 U.S. ___, 132 S.Ct. 2455 (2012).

Appellants argue that their sentences, which the appellate courts reformed to life imprisonment, are unconstitutional because they were not afforded individualized hearings at which to present mitigating evidence. We do not read *Miller* so broadly and therefore affirm the judgment of the appellate courts.

## I. BACKGROUND

### *Lewis*

On or about August 28, 2008, Appellant Lewis killed Jaime Lujan while in the course of committing or attempting to commit retaliation against Lujan's coworker, who had provided police with information that led to the arrest of Lewis's friend. Appellant Lewis was born on August 29, 1991, meaning that he was sixteen on the date of the offense. He was originally detained as a juvenile but was later certified to be tried as an adult. *See* TEX. FAM. CODE ANN. § 54.02. He was eventually convicted of capital murder and assessed a mandatory sentence of life imprisonment without the possibility of parole as required by the then-current version of Section 12.31 of the Penal Code.[2] TEX. PENAL CODE ANN. § 12.31(a) (2008) ("An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the

---

[2] We summarized the history of Section 12.31 over the last decade in footnote 3 of *Ex parte Maxwell*:

Until 2005, an individual adjudged guilty of a capital felony in a case in which the State did not seek the death penalty was punished by life. TEX. PENAL CODE § 12.31(a) (2003). From 2005 to 2009, such an individual was punished by life without parole. TEX. PENAL CODE § 12.31(a) (2005-2007). From 2009 to 2013, the sentence was (1) life, if the individual's case was transferred to the district court under Section 54.02, Family Code; or (2) life without parole. TEX. PENAL CODE § 12.31(a) (2009-2011). Section 12.31(a)—amended in response to *Miller*—now provides that "[a]n individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for: (1) life, if the individual comitted the offense when younger than 18 years of age; or (2) life without parole, if the individual committed the offense when 18 years of age or older." TEX. PENAL CODE § 12.31(a) (2013).

*Ex parte Maxwell*, No. AP-76,964, 2014 WL 941675, at *9 (Tex. Crim. App. March 12, 2014).

institutional division for life without parole."). He was not afforded the opportunity to present mitigating evidence at a punishment hearing because life imprisonment without parole was automatic under the statutory scheme. Lewis filed a timely appeal, and the appellate court affirmed his conviction. *Lewis v. State*, No. 07-11-0444-CR (Tex. App.—Amarillo Apr. 17, 2013), *withdrawn by Lewis v. State*, 402 S.W.3d 852 (Tex. App.—Amarillo 2013). In 2013, after the Supreme Court announced its decision in *Miller*, he filed a supplemental brief contending that his life-without-parole sentence was unconstitutional in light of *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 (2012) (holding mandatory life without parole cruel and unusual punishment when imposed on juvenile offenders). The appellate court reaffirmed appellant Lewis's conviction but reformed his sentence to life imprisonment.[3] *Lewis v. State*, 402 S.W.3d 852, 867 (Tex. App.—Amarillo 2013).

### *Nolley*

Appellant Nolley was also sixteen years old when he shot and killed Larry Ayala during a robbery and home invasion on July 27, 2010.[4] His case was also transferred from the juvenile district court to the criminal district court. *See* TEX. FAM. CODE ANN. § 54.02. On April 19, 2012, a jury convicted appellant Nolley of capital murder. Without a hearing at which to present mitigating evidence, appellant Nolley was sentenced to life imprisonment without the possibility of parole. On appeal, he challenged the legality of his sentence under the 2009 version of Section 12.31(a) of the Texas Penal Code and *Miller v. Alabama*. The appellate court reformed appellant Nolley's sentence to life imprisonment to comport with Section 12.31(a) of the Penal Code and Supreme Court

---

[3] We recently held that *Miller v. Alabama* does apply retroactively to post-conviction challenges. *Ex parte Maxwell*, No. AP-76,964, 2014 WL 941675 (Tex. Crim. App. March 12, 2014).

[4] Nolley was born on November 12, 1993.

precedent but affirmed the trial court's judgment in all other respects. *Nolley v. State*, No. 14-12-00394-CR, 2013 WL 3326796, at *5 (Tex. App.—Houston [14th Dist.] Jun. 27, 2013) (mem. op., not designated for publication).

Both appellants filed petitions for discretionary review, claiming that their reformed sentences are unconstitutional because *Miller* requires individualized sentencing of juvenile offenders. Appellant Nolley contends, more specifically, that *Miller* mandates individualized sentencing when juveniles in Texas face life imprisonment because it is the most severe punishment for which juveniles are eligible in this state. Because we do not read *Miller* so broadly, we affirm the judgments of the courts of appeals.

## II. GOVERNING LAW

Section 12.31 of the Texas Penal Code governs punishment for capital felonies. It provides:

(a) An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty[5] shall be punished by imprisonment in the Texas Department of Criminal Justice for:

(1) life, if the individual committed the offense when younger than 18 years of age; or
(2) life without parole, if the individual committed the offense when 18 years of age or older.

TEX. PENAL CODE ANN. § 12.31(a).[6] Life imprisonment, with the possibility of parole, is the mandatory sentence for defendants convicted of capital murder for crimes they committed as

---

[5] The Supreme Court has made juvenile offenders categorically ineligible for the death penalty, so all cases in which juvenile offenders are charged with capital murder will be governed by Section 12.31(a). *See Roper v. Simmons*, 543 U.S. 551, 574 (2005); *Thompson v. Oklahoma*, 487 U.S. 815, 838 (1988).

[6] The 2013 Session Laws amending this section in response to *Miller v. Alabama* include a savings clause making it applicable to cases pending and on appeal when the provision went into effect on July 22, 2013. Acts 2013, 83rd Leg., 2nd C.S., ch. 2 (S.B. 2), § 3.

juveniles.

In *Miller v. Alabama*,[7] the Supreme Court acknowledged, as it has in the past, that juveniles are fundamentally different from adult offenders. Juvenile offenders' "immaturity, impetuosity, and failure to appreciate risks and consequences,"[8] reduce their culpability level. The Supreme Court treats juveniles differently because the very fact of their youth indicates that their identities—as criminals or otherwise—are not yet finalized. "[M]andatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it." *Miller*, 132 S.Ct. at 2468. The Supreme Court held that, because juveniles are different and mandatory sentencing schemes make those differences irrelevant, "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 2469. This holding is narrow. Juveniles are still constitutionally eligible for life without parole, but *Miller* requires an individualized determination that a defendant is "the rare juvenile offender whose crime reflects irreparable corruption." *Id.* (quotation marks omitted).

However, *Miller* does not forbid mandatory sentencing schemes. The mandatory nature of a sentencing scheme is not the aspect that precludes rehabilitation; rather, the sentencing scheme in *Miller* was unconstitutional because it denied juveniles convicted of murder all possibility of parole, leaving them no opportunity or incentive for rehabilitation. Life in prison with the possibility of parole leaves a route for juvenile offenders to prove that they have changed while also assessing a punishment that the Legislature has deemed appropriate in light of the fact that the juvenile took

---

[7] "In deciding the issue, the Court consolidated two cases: *Miller*, an Alabama case on direct appeal, and *Jackson v. Hobbs*, an Arkansas case on collateral review. Both cases involved 14-year-old boys convicted of first-degree murder and sentenced to mandatory life in prison without parole." *Ex parte Maxwell*, 2014 WL 941675, at *2.

[8] *Miller*, 567 U.S. ___, 132 S.Ct. at 2469.

someone's life under specified circumstances. *See* TEX. PENAL CODE ANN. § 19.03(a).

### III. APPLICATION

Appellants argue that they are entitled to individualized sentencing hearings before being assessed sentences of life imprisonment because they were juveniles at the time of their offenses. This is not what *Miller* requires. *Miller* does not entitle all juvenile offenders to individualized sentencing. It requires an individualized hearing only when a juvenile can be sentenced to life without the possibility of parole. After the reformations by the appellate courts, appellants are not sentenced to life without parole, and under Section 12.31 of the Penal Code, juvenile offenders in Texas do not now face life without parole at all. Therefore, appellants' cases do not fall within the scope of the narrow holding in *Miller*.[9]

Appellant Nolley argues that, because Section 12.31 makes life imprisonment the most severe penalty available to juveniles in the state of Texas, he is entitled to an individualized hearing before he can be assessed that sentence. He cites the Supreme Court's language that "*Graham*,[10] *Roper*,[11] and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for

---

[9] Other courts have commented on how narrow the holding in *Miller* is. *See, e.g.*, *United States v. Reingold*, 731 F.3d 204, 214 (2d Cir. 2013) ("[T]he Supreme Court identified no categorical constitutional requirement that juveniles sentenced to life imprisonment for murder be offered some opportunity for release. It ruled only that life without parole for such juvenile offenders could not be mandatory and had to reflect an individualized sentencing determination."); *Randell v. State*, 2013 WL 7158872, at *1, n.1 (Nevada 2013) (unpublished opinion) (*Miller* does not apply because "[i]n Nevada, the decision of whether to impose a sentence of life without the possibility of parole is discretionary, and therefore, appellant's case does not run afoul of *Miller*." (citations omitted)).

[10] *Graham v. Florida*, 560 U.S. 48, 74 (2010) ("This Court now holds that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole.").

[11] *Roper v. Simmons*, 543 U.S. 551, 575 (2005) (holding the death penalty cruel and unusual when imposed upon juvenile offenders).

juveniles," *Miller*, 132 S.Ct. at 2475, for the proposition that courts should read *Miller* to apply to their jurisdiction's strictest penalty.[12] Appellant's reliance is misplaced. The sentence immediately following that one reiterates that mandatory life imprisonment without the possibility of parole for juvenile offenders violates the principle of proportionality and, accordingly, the Eighth Amendment's ban on cruel and unusual punishment. In light of the simultaneous references to *Graham* and *Roper*, the United States Supreme Court's choice of "the harshest possible punishment," rather than "a state's harshest punishment," indicates that it was referring to sentencing a juvenile to life without parole. Finally, and most devastating to appellant's cause, is another sentence from the *Miller* opinion: "We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460. Appellant's suggested interpretation is broader than the Supreme Court's choice of language supports.

## IV. CONCLUSION

Because the holding in *Miller* is limited to a prohibition on mandatory life without parole for juvenile offenders, appellants are not entitled to punishment hearings. We therefore affirm the judgment of the appellate courts.

Delivered: April 30, 2014
Publish

---

[12] He also attempts to analogize the Supreme Court's line of cases comparing life without parole for juveniles with the death penalty for adults. *E.g.*, *Graham*, 560 U.S. at 74 (juveniles' lessened culpability makes it cruel and unusual to impose sentences of life without parole on them for non-homicide offenses in the same way that imposing the death penalty on adults for non-homicide offenses is cruel and unusual). This comparison fails because appellant is sentenced to life in prison, not life without parole. The Constitution permits states without the death penalty to impose life without parole sentences on adults, so even if he made a valid comparison, this argument would not aid appellant.