

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1354-13

**LITREY DEMOND TURNER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### GALVESTON COUNTY

*Per curiam.*

## O P I N I O N

Appellant was convicted of capital murder and sentenced to life in prison without the possibility of parole. While appellant's appeal was pending, the United States Supreme Court decided *Miller v. Alabama*, 132 S. Ct. 2455 (2012), in which it held that the Eighth Amendment to the United States Constitution forbids a sentencing scheme for juvenile offenders in which life without parole is mandatory rather than based upon an individualized sentencing assessment.

Citing *Miller*, appellant argued before the court of appeals that his punishment violated the Eighth Amendment because he was under the age of eighteen at the time of the offense. The State conceded that *Miller* applied and that appellant should be re-sentenced. The court of

appeals agreed that *Miller* applied and was controlling and that the sentencing statute was unconstitutional as applied to appellant. Both parties prayed for a remand for a new sentencing hearing, and the court of appeals agreed, and reversed the trial court's judgment as to punishment and remanded for a new sentencing hearing "in accordance with *Miller* and state law as recently revised in response to *Miller*." *Turner v. State*, 414 S.W.3d 791, 799-800 (Tex. App.–Houston [1st Dist.] 2013)(citing amendments to Texas Penal Code § 12.31(a)(1) which now provides for sentencing in a capital case for "life, if the individual committed the offense when younger than 18 years of age").

Appellant filed a petition for discretionary review contending, in part, that he is entitled, under the rationale of *Miller*, to an individualized sentencing hearing with a sentencing range of between 5 and 99 years to life. He asks this Court to direct the court of appeals to order such a hearing in the trial court on remand.[1]

The Court recently decided *Lewis v. State and Nolley v. State*, PD-0833-12 and PD-0999-13 slip op. (Tex. Crim. App. April 30, 2014). The juvenile offenders in those cases were both sentenced to mandatory life without the possibility of parole. The courts of appeals in both cases affirmed the convictions but reformed the sentences to life imprisonment under *Miller*. We granted review in both cases to decide whether, under *Miller*, a juvenile offender is entitled to an individualized sentencing proceeding when faced with a sentence of life with the possibility of parole. The Court consolidated the cases and issued one opinion holding that *Miller* is limited to

---

[1] Appellant also argues that he is entitled under the 14th Amendment to a meaningful opportunity to present mitigating evidence and that sentencing without an individualized assessment violates the Texas Constitution, Article I, section 13. Appellant failed to make these arguments in the court of appeals and we decline to address them for the first time on discretionary review.

a prohibition on mandatory life without parole for juvenile offenders; thus, juvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment. The Court affirmed the judgments of the courts of appeals.

Thus, contrary to appellant's argument, he is not entitled to an individualized sentencing hearing. He is only entitled to have his sentence reformed from life without parole to life with the possibility of parole. *Lewis/Nolley*, slip op. at 7; TEX. PENAL CODE § 12.31 (a)(1).[2] The court of appeals erred in remanding this case to the trial court for a new sentencing hearing. We grant appellant's petition for discretionary review, modify the judgments of the trial court and the court of appeals by reforming appellant's sentence from life without parole to life with the possibility of parole. *See* TEX. R. APP. P. 78.1; TEX. PENAL CODE § 12.31(a)(1). The judgments of the lower courts are affirmed as modified.

DELIVERED:  September 17, 2014
PUBLISH

---

[2] In response to the Supreme Court's opinion in *Miller*, the Texas Legislature amended the capital sentencing statute to provide that life imprisonment, with the possibility of parole, is the mandatory sentence for defendants convicted of a capital offense which was committed when the defendant was younger than eighteen. TEX. PENAL CODE § 12.31(a)(1). The 2013 Session Laws amending this section include a savings clause making it applicable to cases pending and on appeal when the provision went into effect on July 22, 2013. Acts 2013, 83rd Leg., 2nd C.S., ch. 2 (S.B. 2), § 3; *see also Lewis/Nolley*, slip op. at 4 n.6. Appellant's case was pending on appeal at the time the changes to section 12.31 went into effect.