

IN THE
TENTH COURT OF APPEALS

No. 10-11-00213-CR

FERNANDO JUAREZ,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 34946-CR

## MEMORANDUM OPINION ON REMAND

Fernando Juarez was convicted of the offense of capital murder and sentenced to life in prison without the possibility of parole. TEX. PEN. CODE ANN. § 19.03(a)(2) (West 2011). On original submission, this Court affirmed the judgment of the trial court. *See Juarez v. State*, No. 10-11-00213-CR, 2013 Tex. App. LEXIS 9293 (Tex. App.—Waco July 25, 2013). The Court of Criminal Appeals reversed this Court's decision regarding preservation of Juarez's complaint relating to his mandatory sentence of life without parole. *See Juarez v. State*, PD-1049-13, 2014 Tex. Crim. App. Unpub. LEXIS 666 (Tex.

Crim. App. July 23, 2014). The Court of Criminal Appeals found that the complaint did not have to be preserved at the trial court and remanded the proceeding to this Court for reconsideration in light of the decision in *Lewis v. State* and *Nolley v. State*, 428 S.W.3d 860 (Tex. Crim. App. 2014). *Id*.

In reversing this proceeding, the Court of Criminal Appeals explained its holding in *Lewis* and *Nolley:*

> The juvenile offenders in those cases were both sentenced to mandatory life without the possibility of parole. The courts of appeals in both cases affirmed the convictions but reformed the sentences to life imprisonment under *Miller*. We granted review in both cases to decide whether, under *Miller*, a juvenile offender is entitled to an individualized sentencing proceeding when faced with a sentence of life with the possibility of parole. The Court consolidated the cases and issued one opinion holding that *Miller* is limited to a prohibition on mandatory life without parole for juvenile offenders; thus, juvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment. The Court affirmed the judgments of the courts of appeals.

*Juarez*, 2014 Tex. Crim. App. Unpub. LEXIS 666 at *3 (discussing *Miller v. Alabama*, 567 U.S. _____, 132 S. Ct. 2455 (2012)).

Juarez complains that his sentence of mandatory life imprisonment without the possibility of parole is unconstitutional. Both the State and Juarez concede in their letter briefs on remand that the decision of the Court of Criminal Appeals in *Lewis* and *Nolley* mandate that this Court reform the sentence in Juarez's judgment to life with the possibility of parole. Pursuant to the holding of the Court of Criminal appeals in *Lewis* and *Nolley*, Juarez's sentence of life without parole is hereby reformed to a sentence of

life imprisonment with the possibility of parole.  Tᴇx. R. Aᴘᴘ. P. 43.2.  As reformed, the trial court's judgment is affirmed.[1]



TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reformed; Affirmed as Reformed
Opinion delivered and filed October 9, 2014
Do Not Publish
[CRPM]



---

[1] The scope of this opinion is limited to the issue remanded from the Court of Criminal Appeals.  Because we resolved Juarez's other issues in our prior opinion, we will not address them here.  *See Juarez v. State*, No. 10-11-00213-CR, 2013 Tex. App. LEXIS 9293 (Tex. App.—Waco July 25, 2013).