**Matthew Payam SHALOUEI, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14-15-01055-CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 7, 2017

Discretionary Review Refused
June 28, 2017

---

Jerome Godinich, Jr., Houston, TX, for Appellant.

Molly A. Wurzer, Houston, TX, for State.

Panel consists of Justices Boyce, Busby, and Wise.

## OPINION

William J. Boyce, Justice

Appellant Matthew Payam Shalouei was convicted of capital murder and automatically sentenced to life in prison with the possibility of parole after 40 years. The issue in this appeal is whether certain Texas statutes that mandate a minimum sentence for juveniles convicted of a capital crime are unconstitutional.

The Texas Court of Criminal Appeals previously has determined that an automatic life sentence for a juvenile convicted of a capital crime does not violate the juvenile's constitutional rights if there is a possibility of parole. Although the Court of Criminal Appeals did not specifically consider in its decisions the constitutionality of certain statutes challenged by appellant, the court's holdings necessitate a finding that the related statutes likewise are constitutional. Accordingly, we affirm.

### BACKGROUND

During the course of a robbery, appellant shot and killed the individual he was robbing. A jury convicted appellant of capital murder. *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2016). Because he was 17 years old at the time of the murder, appellant received a mandatory sentence of life in prison with the possibility of parole after 40 years' time served. *See* Tex. Penal Code Ann. § 12.31(a)(1) (Vernon Supp. 2016); Tex. Gov't Code Ann. § 508.145(b) (Vernon Supp. 2016).

Appellant filed a motion to declare certain penal code and government code statutes facially unconstitutional as violating his Eighth Amendment right against cruel and unusual punishment. *See Garza v. State*, 435 S.W.3d 258, 262 (Tex. Crim.

App. 2014) (Eighth Amendment individualized sentencing claims are not forfeited on appeal by failure to object at trial). The trial court denied the motion. Appellant timely appealed.

### STANDARD OF REVIEW

We review the facial constitutionality of a criminal statute *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We presume the statute is valid and that the legislature did not act arbitrarily or unreasonably in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Matthews v. State*, 513 S.W.3d 45, 60–62 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd). To prevail on a facial challenge to a statute, the challenging party must establish that no set of circumstances exists under which the statute would be constitutionally valid. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

### ANALYSIS

In a single issue, appellant contends that the mandatory sentencing nature of Texas Penal Code section 12.31(a)(1) and Texas Government Code sections 508.145(b) and (d)(1) violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Appellant contends that those statutes are facially unconstitutional.

Texas Penal Code section 12.31(a)(1) sets a mandatory punishment for juveniles convicted of capital murder:

> An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:

(1) life, if the individual committed the offense when younger than 18 years of age; . . . .

Tex. Pen. Code Ann. § 12.31(a)(1).[1] Texas Government Code section 508.145(b) establishes the minimum amount of the life sentence that a juvenile convicted of a capital felony must serve before being eligible for parole:

> An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.

Tex. Gov't Code Ann. § 508.145(b).

Appellant argues that the Eighth Amendment to the United States Constitution requires proportionality when sentencing juveniles, and that Texas's sentencing statutes—which do not provide for individualized sentencing of a juvenile convicted of a capital crime—are unconstitutional. Appellant relies on a line of opinions from the United States Supreme Court in support of his argument. *See Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 734, 193 L.Ed.2d 599 (2016) (holding Eighth Amendment forbids sentence of life without parole for a juvenile convicted of a non-homicide crime); *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012) (holding Eighth Amendment forbids a sentencing scheme for juvenile homicide offenders in which life without parole is mandatory rather than based upon an individualized sentencing assessment); *Graham v. Florida*, 560

---

1. By contrast, an adult convicted of capital murder receives an automatic sentence of life imprisonment without parole. *See* Tex. Penal Code Ann. § 12.31(a)(2).

U.S. 48, 74, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (applying *Miller* retroactively).

■ The Texas Court of Criminal Appeals previously has rejected a constitutional challenge to Penal Code section 12.31(a)(1). *See Lewis v. State*, 428 S.W.3d 860, 863–64 (Tex. Crim. App. 2014); *see also Turner v. State*, 443 S.W.3d 128, 129 (Tex. Crim. App. 2014) (per curiam) ("[J]uvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment."); *Matthews*, 513 S.W.3d at 60–63 (this court rejecting facial challenge to constitutionality of section 12.31(a)(1)). We are bound to follow decisions of the Court of Criminal Appeals. *Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). Accordingly, we reject appellant's constitutional challenge to section 12.31(a)(1).

■ We likewise reject appellant's contention that requiring a juvenile convicted of capital murder to serve 40 years in prison before becoming eligible for parole is unconstitutional as a "*de facto* life sentence." Appellant's argument is contingent upon us determining that the 40–year mandatory sentence functions as a life sentence, thus invoking the prohibition against mandatory life sentences stated in *Miller*. *See Miller*, 567 U.S. at 479–480, 132 S.Ct. at 2469. As the Court of Criminal Appeals has noted, "*Miller* does not entitle all juvenile offenders to individualized sentencing. It requires an individualized hearing only when a juvenile can be sentenced to life without the possibility of parole." *Lewis*, 428 S.W.3d at 863. The court further noted that Texas cases no longer "fall within the scope of the narrow holding in *Miller*" because "juvenile offenders in Texas do not now face life without parole at all." *Id.* at 864.

The Supreme Court has stated that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S.Ct. at 736. As evidence of a state statute that would remedy a *Miller* violation, the Supreme Court cited a Wyoming statute that makes juvenile homicide offenders eligible for parole after 25 years. *See id.* In determining that Texas juvenile offenders no longer face life without parole after Penal Code section 12.31(a) was amended, the Court of Criminal Appeals did not specifically discuss the mandatory 40–year minimum time served. *See generally Lewis*, 428 S.W.3d at 861–64. But the court's determination affirming sentences of life with the possibility of parole for juveniles—which also would have been subject to the 40–year mandatory minimum time served under Government Code section 508.145(b)—confirms that the statutory requirement of 40 years' time served before parole eligibility does not equate to a sentence of life without parole. *See generally id.* We reject appellant's constitutional challenge to section 508.145(b).[2]

■ Finally, for the same reasons that he argues requiring 40 years' time served before parole eligibility is unconstitutional, appellant likewise contends that the man-

---

**2.** We reject also appellant's contention that the Texas sentencing scheme requires juveniles to serve more time than their similarly situated adult counterparts. Appellant attempts to compare an adult convicted of a non-capital offense with a juvenile convicted of a capital offense. The comparison is inapposite; if the minimum required sentences of identical offenses are compared for adults and juveniles, then the sentences imposed on adults are either the same or longer than the commensurate juvenile sentence. *See* Tex. Penal Code Ann. § 12.31 (adults convicted of capital offenses receive a sentence of life without parole, while juveniles receive life with possibility of parole); Tex. Gov't Code Ann. § 508.145(d)(1), (2) (making no distinction between juveniles and adults convicted of felony offenses other than capital murder).

datory minimum amount of time served associated with a deadly weapon finding is unconstitutional.

When a deadly weapon finding is made, the Texas Government Code requires that the convicted defendant must serve the lesser of one-half of the sentence or 30 years before becoming eligible for parole. *See* Tex. Gov't Code Ann. § 508.145(d)(1).[3] Having already determined that the mandatory nature of the 40–year minimum amount of time served required by section 508.145(b) is not unconstitutional as applied to juveniles, we likewise reject appellant's contention that the shorter mandatory minimum required by a deadly weapon finding is unconstitutional.

Appellant's sole issue is overruled.

### CONCLUSION

Having concluded that the challenged statutes do not violate appellant's Eighth Amendment rights, we affirm the trial court's judgment.

**3.** The Eighty–Fourth Texas Legislature amended section 508.145(d) effective as of January 1, 2017. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.51, 2015 Tex. Gen. Laws 2321, 2385 (current version at Tex. Gov't Code Ann. § 508.145(d) (Vernon Supp. 2016)). Because this case was tried in October 2015, all citations to section 508.145(d) in this opinion are to the version in effect prior to the 2017 amendments. Prior to its recent amendment, section 508.145(d)(1) read:

An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), (H), (I), (J), or (K), Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, or for an offense under Section 20A.03, Penal Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.

Tex. Gov't Code Ann. § 508.145(d)(1) (Vernon 2012).