Marc W. Brown, Justice
In 2006, appellant Michael McCardle was convicted of capital murder and sentenced to life in prison without the possibility of parole. Appellant was seventeen years old at the time of the offense. In 2016, in light of the United States Supreme Court's decision in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), appellant's sentence was vacated and his case was remanded for resentencing. In 2017, the trial court sentenced appellant to life in prison with the possibility of parole in forty years. Appellant asserts that his sentence violated the United States Constitution's prohibitions on (1) cruel and unusual punishment, and (2) ex post facto punishment. He also contends that (3) the trial court's refusal *267 to hold a full sentencing hearing violated his federal right to due process. We affirm.
I. BACKGROUND
In 2006, appellant was convicted of a capital murder that took place on September 15, 2005. The State did not seek the death penalty. Appellant was seventeen years old at the time of the capital murder. The trial court mandatorily sentenced appellant to life in prison without the possibility of parole. See Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws 2705, 2705 (amended 2009 & 2013) (current version at Tex. Penal Code § 12.31(a) ) ("An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life without parole. " (emphasis in orig.) ). We affirmed his conviction. McCardle v. State , No. 14-06-00781-CR, 2007 WL 2198832, at *1, 4 (Tex. App.-Houston [14th Dist.] Aug. 2, 2007, pet. ref'd) (corrected mem. op., not designated for publication).
In 2012, in Miller v. Alabama , the Supreme Court held that a mandatory "life without parole" sentence for a defendant who was under the age of eighteen at the time of his crime violates the Eighth Amendment prohibition on cruel and unusual punishment. 567 U.S. at 470, 479, 132 S.Ct. 2455. In Ex parte Maxwell , the Texas Court of Criminal Appeals held that Miller announced a new substantive rule and it applied retroactively. 424 S.W.3d 66, 75-76 (Tex. Crim. App. 2014) ; see Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016) (" Miller announced a substantive rule of constitutional law.").
In 2013, the legislature amended section 12.31(a) of the Texas Penal Code :
An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:
(1) life, if the individual committed the offense when younger than 18 years of age ; or
(2) life without parole, if the individual committed the offense when 18 years of age or older.
Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws 5020, 5020 (codified at Tex. Penal Code § 12.31(a) ) (emphases in orig.).[1]
In 2016, in light of Miller and Ex parte Maxwell, the Court of Criminal Appeals granted appellant relief on a petition for habeas corpus. The case was remanded to the trial court "to permit the factfinder to assess Applicant's sentence at (1) life with the possibility of parole or (2) life without parole after consideration of Applicant's individual conduct, circumstances, and character." Ex parte McCardle , No. WR-72,852-02, 2016 WL 5404522, at *1 (Tex. Crim. App. Sept. 26, 2016) (per curiam, not designated for publication).
In 2017, the trial court sentenced appellant to life in prison with the possibility of parole after forty years. In the current appeal, appellant challenges his sentence on the grounds that it: (1) violates the Eighth Amendment and does not fulfill the spirit of Miller , and (2) violates the prohibition against ex post facto laws. Appellant also contends that (3) the lack of an individualized *268 punishment hearing denied him due process.
II. ANALYSIS
A. Appellant preserved his sentencing challenges.
We first consider the State's assertion that appellant did not preserve his sentencing challenges.
Appellant filed a "Motion to Determine Sentencing Range," in which he requested the trial court set his range of punishment at that for a first-degree felony. See Tex. Penal Code § 12.32(a) (West 2017) (life or not more than 99 years or less than five years). Within this motion, appellant argued that:
• denying him an individualized sentencing hearing limiting his sentencing options to those in section 12.31 would violate the ex post facto prohibition in the United State Constitution;
• the trial court should consider Arkansas Supreme Court authority-which allows for consideration of Miller v. Alabama evidence of age, age-related characteristics, and the nature of the crime-to "step-down" his sentence; and
• an automatic sentence of life with the possibility of parole after forty years would violate the Eighth Amendment and would not fulfill the spirit of Miller .
The trial court initially signed an order granting this motion, but later rescinded its order and denied appellant's motion.
In addition, appellant filed "Written Objections to Sentencing Limiting Defendant's Sentence to Life with/without the Possibility of Parole." Appellant objected that such a sentence:
• denies him the right to be free from cruel and unusual punishment under the Eighth Amendment and runs afoul of Miller ;
• violates the prohibition against ex post facto laws under the United States and Texas Constitutions;
• violates his right to due process under the United States Constitution; and
• violates his right to due course of law under the Texas Constitution.
At the sentencing hearing, appellant's counsel stated:
We object to the sentence of life with the possibility of parole after forty years because the current version of 12.31 is not applicable to Mr. McCardle. His case was final on February 29, 2008, and the current version of 12.31 did not go into effect until July 22nd of 2013. So, we are asking that the Court, if he is to be sentenced to life, sentence him to life with the possibility of parole at thirty years because that is the version of the law that was in effect at the time the crime was committed.
The trial court stated: "The defense's objections are noted for the record and were overruled, and the Court also has signed your written objections." The record contains the trial court's signed order overruling appellant's written objections.
We conclude that appellant sufficiently preserved his challenges to his sentence.
B. Appellant's sentence does not violate the Eighth Amendment or Miller v. Alabama .
In his first issue, appellant argues that his automatic sentence of life with the possibility of parole after forty years precluded an individualized sentencing hearing to consider the mitigating factors of youth. Therefore, according to appellant, his sentence violates the Eighth Amendment prohibition against cruel and unusual *269 punishment and the stipulations set forth in Miller .
This position already has been rejected by the Texas Court of Criminal Appeals. See Lewis v. State , 428 S.W.3d 860, 863-64 (Tex. Crim. App. 2014). Appellant does not address the Lewis decision in his brief. Instead, he relies on cases from other states where courts have rejected "automatic sentencing schemes that set lengthy minimum number of years, and do not consider the Miller factors, [as] violat[ing] both the holding and spirit of Miller ."[2] However, this court is bound in criminal cases to follow decisions of the Court of Criminal Appeals. See Mason v. State , 416 S.W.3d 720, 728 n.10 (Tex. App.-Houston [14th Dist.] 2013, pet. ref'd).
In Lewis v. State , two juvenile defendants Lewis and Nolley were convicted of capital murder and each was mandatorily assessed a sentence of life imprisonment without the possibility of parole. 428 S.W.3d at 861-62. Neither defendant was afforded the opportunity to present mitigating evidence at a punishment hearing. Id. at 862. Post Miller , on appeal, the defendants' sentences were reformed to life imprisonment. Id. Both defendants filed petitions for discretionary review, urging that their reformed sentences were unconstitutional "because Miller requires individualized sentencing of juvenile offenders"; Nolley also contended that Miller mandated individualized sentencing when juveniles face life imprisonment because it is the most severe punishment for which juveniles are eligible in Texas. Id.
The Court of Criminal Appeals disagreed. Observing that the holding in Miller "was narrow," the Lewis Court concluded that " Miller does not forbid mandatory sentencing schemes." Id. at 863-64. The Court explained:
The sentencing scheme in Miller was unconstitutional because it denied juveniles convicted of murder all possibility of parole, leaving them no opportunity or incentive for rehabilitation. Life in prison with the possibility of parole leaves a route for juvenile offenders to prove that they have changed while also assessing a punishment that the Legislature has deemed appropriate in light of the fact that the juvenile took someone's life under specified circumstances.
Id. at 863. The Court added, " Miller does not entitle all juvenile offenders to individualized sentencing. It requires an individualized hearing only when a juvenile can be sentenced to life without the possibility of parole." Id. The Court concluded that the holding in Miller was "limited to a prohibition on mandatory life without parole for juvenile offenders." Id. at 864. Because Miller did not prohibit a mandatory sentence of life with the possibility of parole, the Court held that the two defendants were not entitled to punishment hearings. Id.
In this case, as in Lewis , appellant was sentenced to life imprisonment with the possibility of parole. Accordingly, consistent with Lewis and opinions following Lewis , we conclude that appellant was not entitled to an individualized punishment hearing under the Eighth Amendment or Miller . See Turner v. State , 443 S.W.3d 128, 129 (Tex. Crim. App. 2014) (per curiam) ("[J]uvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment." (discussing Lewis , 428 S.W.3d at 864-65 ) ); Lewis , 428 S.W.3d at 863-64 ; Lewis v. State , 448 S.W.3d 138, 146 (Tex. App.-Houston [14th Dist.] 2014, pet ref'd)
*270 ; see also Shalouei v. State , 524 S.W.3d 766, 769 (Tex. App.-Houston [14th Dist.] 2017, pet. ref'd) (citing Turner , 443 S.W.3d at 129, and Lewis , 428 S.W.3d at 863-64, in noting that Court of Criminal Appeals "previously has rejected" Eighth Amendment challenges to section 12.31(a)(1) ).
Appellant also argues other states' courts have concluded an automatic lengthy term-of-years sentence for juvenile offenders constitutes a "de facto" life without parole sentence that violates Miller .[3] However, this court already has rejected the contention "that requiring a juvenile convicted of capital murder to serve 40 years in prison before becoming eligible for parole is unconstitutional as a 'de facto' life sentence." Shalouei , 524 S.W.3d at 769 ; see also Guzman v. State , 539 S.W.3d 394, 404-05 (Tex. App.-Houston [1st Dist.] 2017, pet. ref'd) (citing Shalouei , 524 S.W.3d at 767-70 ).
We overrule appellant's first issue.
C. Appellant's sentence does not violate the prohibition against ex post facto laws.
In his second issue, appellant argues his sentence under the current version of section 12.31 violates "his right to be free from ex post facto."
Article I, section 9, of the United States Constitution states that "[n]o ... ex post facto Law shall be passed," while article I, section 10, prohibits the states from passing any ex post facto law. U.S. Const. art. I, §§ 9, 10. Similarly, article I, section 16, of the Texas Constitution states that "[n]o ... ex post facto law ... shall be made." Tex. Const. art. 1, § 16. Only the legislature can violate the federal or state ex post facto clause. Ex parte Heilman , 456 S.W.3d 159, 163-65 (Tex. Crim. App. 2015). However, "in assessing a claim based on the Ex Post Facto Clause, we look beyond the actor that is directly committing the alleged violation for some legislative origin of the alleged violation." Id. at 165. We evaluate claims under the ex post facto clause of the United States and Texas Constitutions using the same legal standard. See Rodriguez v. State , 93 S.W.3d 60, 65 n.1 (Tex. Crim. App. 2002).[4]
An ex post facto law: (1) punishes as a crime an act previously committed which was innocent when done; (2) aggravates a crime, or makes it greater than it was, when committed; (3) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when committed; or (4) deprives a person charged with a crime of any defense available at the time the act was committed. See Peugh v. United States , 569 U.S. 530, 538-39, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013) ; Collins v. Youngblood , 497 U.S. 37, 41-44, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) ; Rodriguez , 93 S.W.3d at 66. The ex post facto clause prohibits applying a new or amended statute's higher penalties to pre-statute conduct, but it does not prohibit applying lower penalties. See Dorsey v. United States , 567 U.S. 260, 275, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) ; Ex Parte Moussazadeh , 361 S.W.3d 684, 690 n.3 (Tex. Crim. App. 2012) ("A law that changes the punishment for a crime after the crime has been committed is an unconstitutional ex post facto law only if it *271 inflicts a greater punishment than did the previous law.... A statute which mitigates the rigor of the law in force at the time a crime was committed cannot be regarded as ex post facto with reference to that crime." (citations omitted) ).
Before 2005, section 12.31 of the Texas Penal Code, entitled "Capital Felony," provided: "An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life." Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3602 (amended 2005, 2009 & 2013) (current version at Tex. Penal Code § 12.31(a) ) (emphasis in orig.); Ex Parte Maxwell , 424 S.W.3d at 68 n.3. Also before 2005, an inmate serving a life sentence for a capital felony was not eligible for release on parole until the actual calendar time served without consideration of good-conduct time equaled forty years. See Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, 1997 Tex. Gen. Laws 327, 425 (amended 2005 & 2009) (current version at Tex. Gov't Code § 508.145(b) ). That is, an individual adjudged guilty of a capital felony, in which the State did not seek the death penalty, was punished with imprisonment for life with the possibility of parole after forty years.
In 2005, the legislature amended section 12.31 : "An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the institutional division for life without parole. " Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws at 2705 (emphasis in orig.). This amendment was effective September 1, 2005. Id. § 18, 2005 Tex. Gen. Laws at 2709. Appellant committed his offense on September 15, 2005. Since this amendment removed life imprisonment with the possibility of parole as a punishment for individuals found guilty of capital felonies where the State did not seek the death penalty, the legislature repealed section 508.154(b) of the Government Code which had provided for eligibility for parole after forty years. Id. § 12, 2005 Tex. Gen. Laws at 2708. This was the law in effect at the time of appellant's conviction and original sentence.[5]
In 2009, section 12.31 was amended again, this time to provide for life in prison in capital-felony cases transferred to criminal court from juvenile court[6] pursuant to section 54.02 of the Texas Family Code. See Ex parte Maxwell , 424 S.W.3d at 68 n.3. The sentence for a capital felony where the State did not seek the death penalty was either life, if the case was a juvenile transfer, or life without parole. Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930 (amended 2013) (current version at Tex. Penal Code § 12.31(a) ). The legislature returned subsection (b) to section 508.145 of the Government Code, again setting minimum parole eligibility at forty years for capital felons serving life in prison. Id. § 2, 2009 Tex. Gen. Laws at 1930.
In 2012, the United States Supreme Court held that the Eighth Amendment *272 forbids a sentencing scheme for juvenile offenders under the age of eighteen in which life without the possibility of parole is mandatory, rather than based on an individualized sentencing assessment. Miller , 567 U.S. at 470, 479, 132 S.Ct. 2455 ; Turner , 443 S.W.3d at 128 ; Lewis , 428 S.W.3d at 861. However, the Supreme Court did not announce a categorical ban on assessing life without parole on minors. See Lewis , 428 S.W.3d at 863 ; Carmon v. State , 456 S.W.3d 594, 599 (Tex. App.-Houston [1st Dist.] 2014, pet. ref'd) (contrasting Miller with categorical ban on death penalty for minors in Roper , 543 U.S. at 578, 125 S.Ct. 1183, and categorical ban on life without parole for non-homicide offenses in Graham v. Florida , 560 U.S. 48, 82, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) ).
"In response to the Supreme Court's opinion in Miller , the Texas Legislature amended the capital sentencing statute to provide that life imprisonment, with the possibility of parole, is the mandatory sentence for defendants convicted of a capital offense which was committed when the defendant was younger than eighteen." Turner , 443 S.W.3d at 129 n.2 (citing Tex. Penal Code § 12.31(a)(1) ). Section 12.31 of the Texas Penal Code was amended to state:
An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:
(1) life, if the individual committed the offense when younger than 18 years of age ; or
(2) life without parole, if the individual committed the offense when 18 years of age or older.
Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws at 5020 (emphases in orig.); see Tex. Penal Code § 12.31(a) (West 2017). This amendment became effective on July 22, 2013, and was made applicable to cases pending and on appeal as of that date. Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 3, 2013 Tex. Gen. Laws at 5021; Lewis , 428 S.W.3d at 863 n.6. Section 508.145(b) continued to require a minimum of forty years before capital felons serving life in prison became parole eligible. Tex. Gov't Code Ann. § 508.145(b) (West 2012 & Supp. 2017).
The judgment entered September 1, 2006, states that the jury found appellant guilty of the offense of capital murder, a capital felony, and that the trial court sentenced him to life, which at the time meant life without parole. See Tex. Penal Code § 19.03(b) (West 2017) (capital murder is capital felony); Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws at 2705. On September 16, 2016, the Court of Criminal Appeals vacated this sentence. Ex parte McCardle , 2016 WL 5404522, at *1. On March 22, 2017, the trial court assessed appellant's punishment at "life in prison with the possibility of parole to be in accordance with the Texas Penal Code, Section 12.31." Appellant was to "serve [his] sentence of life in prison with the possibility of parole in forty years."
According to appellant, because the former version of section 12.31(a) was declared unconstitutional in Miller , and the amended section 12.31(a) went into effect on July 22, 2013, after his conviction was final, "the only penalty available to one convicted of capital murder[ ] was that of a first-degree felony." Because "[a] sentence of life for a first-degree felony allows for the possibility of parole after 30 years," appellant therefore contends that his "harsher punishment, providing the possibility of parole after 40 years, violates the prohibition against ex post facto under Article *273 I[,] § 10[,] o[f] the United States Constitution."
Appellant's conviction for capital murder under section 19.03 of the Texas Penal Code was not affected by Miller ; only his sentence was rendered unconstitutional. This is why the Court of Criminal Appeals granted appellant habeas relief with regard to his sentence of life without parole and remanded his case for the trial court to resentence him. Appellant looks to nonbinding authority from another state in arguing that the trial court on remand should have considered and applied the lower punishment range available for a first-degree felony. See Jackson v. Norris , 426 S.W.3d 906, 907, 911 (Ark. 2013) (on remand from Supreme Court in Miller granting habeas relief and instructing trial court to hold sentencing hearing with Miller "consideration evidence" and impose sentence within range for Arkansas Class Y felony). Here, however, the trial court was bound to follow the dictates of the Court of Criminal Appeals on remand. See Perez v. State , 495 S.W.3d 374, 392 (Tex. App.-Houston [14th Dist.] 2016, no pet.) (describing vertical stare decisis). In appellant's habeas grant, the Court specifically remanded "for further sentencing proceedings to permit the factfinder to assess [appellant's] sentence at (1) life with the possibility of parole or (2) life without parole after consideration of [appellant's] individual conduct, circumstances, and character." Ex parte McCardle , 2016 WL 5404522, at *1.
Appellant contends the harsher portion of his punishment is not that he was subjected to life imprisonment, but rather that he has to remain in prison for ten additional years (forty instead of thirty) before becoming eligible for parole. Contrary to appellant's suggestion, the trial court could not have applied section 508.145(d) to provide him with for parole eligibility after thirty years on his sentence of life in prison with the possibility of parole for the offense of capital murder. See Ex Parte Moussazadeh , 361 S.W.3d at 690 ("[A]n applicant's parole eligibility is determined by the law in effect on the date of the offense."). At the time of his offense, section 508.145(d) provided:
An inmate serving a sentence for an offense described by Section 3g(a)(1)(A), (C), (D), (E), (F), (G), or (H), Article 42.12, Code of Criminal Procedure, or for an offense for which the judgment contains an affirmative finding under Section 3g(a)(2) of that article, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years.
Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, 1997 Tex. Gen. Laws at 425-26 (amended 2007, 2009, 2011, 2013 & 2015) (current version at Tex. Gov't Code § 508.145(d) ). The list of offenses for which thirty-year parole eligibility was available included murder, indecency with a child, aggravated kidnapping, aggravated sexual assault, aggravated robbery, certain offenses under chapter 481 of the Health and Safety Code involving increased punishment, and sexual assault. See Act of May 21, 2001, 77th Leg., R.S., ch. 786, § 2, 2001 Tex. Gen. Laws 1528, 1529 (amended 2007, 2009, 2011 & 2013), repealed by Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2321, 2395. The list did not include capital murder. The list has never included and does not currently include capital murder under section 19.03. E.g. , Tex. Gov't Code Ann. § 508.145(d)(1)(A) (West Supp. 2017) (applying to inmate serving sentence for offense described by article 42A.054(a) of Code of Criminal Procedure *274 , but expressly excluding "an offense under Section 19.03, Penal Code"); Tex. Code Crim. Proc. art. 42A.054(a) (West 2017); Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 1.01, 2.51, 2015 Tex. Gen. Laws at 2326, 2385; Act of May 25, 2013, 83rd Leg., R.S., ch. 1325, § 2, 2013 Tex. Gen. Laws 3515, 3516; Act of May 23, 2013, 83rd Leg., R.S., ch. 1252, § 13, 2013 Tex. Gen. Laws 3167, 3169-70; Act of May 9, 2013, 83rd Leg., R.S., ch. 126, §§ 1-2, 2013 Tex. Gen. Laws 522, 522; Act of May 26, 2011, 82nd Leg., R.S., ch. 1119, § 2, 2011 Tex. Gen. Laws 2880, 2881; Act of May 13, 2011, 82nd Leg., ch. 122, § 10, 2011 Tex. Gen Laws 613, 618; Act of April 7, 2011, 82nd Leg., R.S., ch. 1, § 2.09, 2011 Tex. Gen. Laws 1, 6; Act of May 11, 2009, 81st Leg., R.S., ch. 87, §§ 6.003, 11.008, Tex. Gen. Laws 208, 228-29, 241; Act of May 17, 2007, 80th Leg., R.S., ch. 405, §§ 1-2, 2007 Tex. Gen. Laws 723, 723-24; Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.03, 1997 Tex. Gen. Laws at 438-39. As an individual adjudged guilty of capital murder under section 19.03, the thirty-year parole eligibility in section 508.145(d) did not and does not apply to appellant.
The change in appellant's punishment, regardless of whether pursuant to the amended section 12.31 or to the Court of Criminal Appeals' mandate on his habeas grant, did not inflict greater punishment than the law attached to capital murder when appellant committed the offense. Compare Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws at 2705 (requiring mandatory sentence of life without parole), with Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws at 5020 (requiring mandatory sentence of life), and Ex parte McCardle , 2016 WL 5404522, at *1 (first available punishment option was life with possibility of parole). Initially, appellant was sentenced to mandatory life without the possibility of parole. See Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws at 2705. This is the law's harshest term of imprisonment and, in Texas, the second most severe penalty permitted. Miller , 567 U.S. at 474-75, 479, 489, 132 S.Ct. 2455 ; Meadoux v. State , 325 S.W.3d 189, 195 (Tex. Crim. App. 2010).
On remand, appellant was sentenced to life with the possibility of parole, a less severe punishment. See Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws at 5020; Montgomery , --- U.S. ----, 136 S.Ct. at 736 ("A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."); Miller , 567 U.S. at 474-75, 132 S.Ct. 2455 ; Carmon , 456 S.W.3d at 599. Application of a new lower penalty does not present an ex post facto issue. See Dorsey , 567 U.S. at 275, 132 S.Ct. 2321 ; Ex Parte Moussazadeh , 361 S.W.3d at 690 n.3.
Further, regardless of whether the law in effect before appellant committed his offense or post Miller and the 2013 amendment applied, appellant's punishment for capital murder would have been the same, i.e., life with the possibility of parole after forty years. Compare Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws at 3602 (requiring mandatory sentence of life), and Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 12.01, 1997 Tex. Gen. Laws at 425 (forty-year parole eligibility for capital felon serving life), with Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Gen. Laws at 5020 (requiring mandatory sentence of life), and Act of May 29, 2009, 81st Leg., ch. 765, § 2, 2009 Tex. Gen. Laws at 1930 (forty-year parole eligibility for capital felon serving life); see also Ex parte Maxwell , 424 S.W.3d at 76 ("life with the possibility of parole" for seventeen-year-old capital felon permitted by "both pre-2005 and *275 post-2013 Texas law"). Appellant therefore has not suffered harm.
We conclude the trial court's imposition of a sentence of life in prison with parole eligibility in forty years, to the extent that it was based on the 2013 amendment to section 12.31, was not unconstitutional as an ex post facto violation.
We overrule appellant's second issue.
D. Denying appellant an individualized sentencing hearing did not violate his right to due process.
In his third issue, appellant claims that, under the due process clause,[7] he was entitled to an individualized sentencing hearing. Essentially, appellant reurges that Miller v. Alabama requires a full sentencing hearing to comport with due process. However, this court has already rejected the contention that a mandatory sentence of life with a chance of parole in forty years for a juvenile convicted of capital murder violates due process. Lewis , 448 S.W.3d at 147 ("A number of Texas Courts of Appeal, including this one, have determined mandatory sentencing statutes do not violate due process." (discussing cases) ); see also Lopez v. State , 493 S.W.3d 126, 140 (Tex. App.-Houston [1st Dist.] 2016) (discussing Lewis , 448 S.W.3d at 147, and other cases).
We overrule appellant's third issue.
CONCLUSION
Having overruled each of appellant's issues on appeal, we affirm the trial court's judgment.

The 2013 Session Laws amending this section in response to Miller v. Alabama included a savings clause making it applicable to cases pending and on appeal when the provision went into effect on July 22, 2013. Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 3, 2013 Tex. Gen. Laws at 5021; Lewis v. State , 428 S.W.3d 860, 863 n.6 (Tex. Crim. App. 2014).

See State v. Null , 836 N.W.2d 41, 72 (Iowa 2013). Appellant also mentions the Supreme Court of Arkansas as an example without citing a case. Presumably, appellant means to refer to Jackson v. Norris , 426 S.W.3d 906, 907 (Ark. 2013), on which he relied in his motion to determine sentencing range.

See Bear Cloud v. State , 334 P.3d 132, 142 (Wyo. 2014) ; People v. House , 410 Ill.Dec. 971, 72 N.E.3d 357, 386 (Ill. App. Ct. 2015).

Although appellant relied on both the United States and Texas Constitutions for his ex post facto challenge in the trial court, on appeal he does not cite the Texas Constitution.

Also in 2005, the United States Supreme Court held that the Eighth Amendment bars the execution of juveniles who were under the age of eighteen when they committed their crimes. Roper v. Simmons , 543 U.S. 551, 578, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

See Matter of C.M.M. , 503 S.W.3d 692, 700 (Tex. App.-Houston [14th Dist.] 2016, pet. denied) ("Texas juvenile courts have exclusive, original jurisdiction over cases involving what otherwise would be criminal conduct by children 10 years of age or older but younger than 17 years of age."). Section 54.02 provides for transfer from juvenile court to criminal court in appropriate cases. See Tex. Fam. Code Ann. § 54.02(a) (West 2014).

Although in the trial court appellant relied on both his right to due process under the United States Constitution and his right to due course of law under the Texas Constitution, on appeal he does not cite, or assert that he is entitled to any greater protection under, the Texas due course of law provision. See Muniz v. State , 851 S.W.2d 238, 251 (Tex. Crim. App. 1993) ("State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground."). In any event, "the majority of Texas courts of appeals have repeatedly held that the due course of law provision provides the same protections as the federal Due Process Clause." Fleming v. State , 376 S.W.3d 854, 857 (Tex. App.-Fort Worth 2012) (citing State v. Vasquez , 230 S.W.3d 744, 751 (Tex. App.-Houston [14th Dist.] 2007, no pet.) ), aff'd , 455 S.W.3d 577 (Tex. Crim. App. 2014).