Opinion issued September 24, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00175-CR

_____

**CELVIN BROOKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1515314**

---

## CONCURRING OPINION

Relying on *Miller v. Alabama*, 567 U.S. 460 (2012), Celvin Brooks argues that the imposition of a mandatory life sentence without the possibility of parole until he has served 40 years of his sentence is unconstitutional, given that he committed the crime as a juvenile. As it must, our court rejects his argument. In

*Lewis v. State*, 428 S.W.3d 860 (Tex. Crim. App. 2014), the Texas Court of Criminal Appeals held that the mandatory sentencing scheme at issue does not run afoul of the constitution as interpreted in *Miller*. *See id.* at 863–64. We are bound to follow and apply *Lewis*. Because *Lewis* was wrongly decided, however, I do so under protest.

In *Miller*, the United States Supreme Court held that the imposition of mandatory life imprisonment without the possibility of parole on juvenile defendants violates the Eighth Amendment's guarantee against cruel and unusual punishment. 567 U.S. at 479. As the Court explained, fundamental cognitive differences in juvenile offenders make them inherently less culpable than adults. *See id.* at 470–73. Owing to the Eighth Amendment's requirement that punishment be proportionate, the inherent differences between juveniles and adults make juveniles "constitutionally different from adults for purposes of sentencing." *Id.* at 471. Consequently, when sentencing juvenile offenders, the State may not impose its severest penalties without taking their youth into consideration. *Id.* at 474.

*Lewis* interprets *Miller* narrowly, holding that *Miller* forbids sentencing schemes that impose a mandatory life sentence without the possibility of parole and no more. 428 S.W.3d at 863–64. According to the Court of Criminal Appeals, Texas's statutory scheme thus passes constitutional muster because it allows

juveniles subject to a mandatory life sentence the possibility of parole after 40 years. *See id.*

While *Lewis* correctly states *Miller*'s holding, it gives insufficient weight to the rationale underlying that holding: that juvenile offenders are constitutionally different. *Miller* itself was an extension of prior decisions that turned on this constitutional difference. *See* 567 U.S. at 470–80 (relying on *Roper v. Simmons*, 543 U.S. 551 (2005) (Eighth Amendment bars capital punishment for juveniles), and *Graham v. Florida*, 560 U.S. 48 (2010) (Eighth Amendment bars life without possibility of parole for juveniles who commit nonhomicide offenses)). Instead of confining these prior decisions to their literal holdings, *Miller* relied on their "foundational principle: that imposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children." *Id.* at 474.

This foundational principle is as applicable to mandatory life imprisonment of a juvenile offender without the possibility of parole until he has served 40 years. A mandatory sentence of four decades minimum—one of the State's most severe criminal penalties—in all circumstances precludes the sentencer from considering the offender's youth and its hallmark features in assessing the juvenile offender's punishment, contrary to the Eighth Amendment. *See Miller*, 567 U.S. at 479–80, 489.

Gordon Goodman
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Justice Goodman, concurring.

Publish. TEX. R. APP. P. 47.2(b).